UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIMMY GETTINGS,

        Plaintiff,

  v.

CARA BEATTY,

        Defendant.

No. 2:16-cv-1317-MCE-EFB PS

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1]  His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2).  *See* ECF No. 2.  Accordingly, the request to proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry.  Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  As discussed below, plaintiff's complaint fails to state a claim and must be dismissed.

/////

/////

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

1

1   Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,
2   520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it
3   fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*
4   *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41
5   (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of
6   his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of
7   a cause of action's elements will not do.  Factual allegations must be enough to raise a right to
8   relief above the speculative level on the assumption that all of the complaint's allegations are
9   true."  *Id*. (citations omitted).  Dismissal is appropriate based either on the lack of cognizable
10  legal theories or the lack of pleading sufficient facts to support cognizable legal theories.
11  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

12  In reviewing a complaint under this standard, the court must accept as true the allegations
13  of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976),
14  construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the
15  plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy
16  the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2)
17  requires a complaint to include "a short and plain statement of the claim showing that the pleader
18  is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds
19  upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

20  Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only
21  those cases authorized by the Constitution and by Congress.  *Kokkonen v. Guardian Life Ins. Co.*,
22  511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332,
23  confer "federal question" and "diversity" jurisdiction, respectively.  Federal question jurisdiction
24  requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a
25  "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be
26  authorized by a federal statute that both regulates a specific subject matter and confers federal
27  jurisdiction.  *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity
28  jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

1 matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise.  *Kokkonen*, 511 U.S. at 376-78.  Lack of subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Plaintiff's complaint alleges that in December 2006, defendant Cara Beatty, who is currently a state court judge, declared plaintiff a vexatious litigant.  ECF No. 1.  At the time that decision was made, Judge Beatty was a commissioner.  *Id*. at 2-3.  Plaintiff alleges that the order declaring him vexatious was issued without first providing him sufficient notice of a hearing.  *Id*.  He further claims that he did not agree to allow defendant, as a commissioner, to determine whether he was a vexatious litigant.  *Id*. at 2.  He contends that due to being declared a vexatious litigant, he has been unable to file lawsuits concerning real property he previously owned in Shasta County.  *Id*.  In addition to damages, plaintiff seeks an order from this court directing defendant to immediately withdraw the order declaring him a vexatious litigant.  *Id*. at 3.

The complaint fails to state a claim against Judge Beatty.  It is clear from the allegations of the complaint that plaintiff is suing Beatty because of the official act of entering an order declaring plaintiff a vexatious litigant.  Indeed, the relief sought is an order directing the withdrawal of the vexatious litigant order.  "Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts . . . . A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature."  *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).  Judicial immunity extends to municipal court commissioners performing judicial functions.  *Franceschi v. Schwartz*, 57 F.3d 828, 830 (9th Cir. 1995).  As plaintiff's claims against Judge Beatty relate to judicial actions he performed as a commissioner, the claims are barred by judicial immunity.

Furthermore, plaintiff's claims are barred by the *Rooker-Feldman* doctrine.  This action seeks to challenge the state court ruling declaring plaintiff a vexatious litigant.  This court is not the appropriate tribunal to review or modify state court judgments.  *See Rooker v. Fidelity Trust*

3

1  *Company*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). "[L]ower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." *Gottfried v. Medical Planning Services*, 142 F.3d 326, 330 (6th Cir.), *cert. denied*, 525 U.S. 1041, 119 S.Ct. 592 (1998); *see also Bianchi v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003) ("Stated plainly, *Rooker-Feldman* bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate her claims."). Thus, plaintiff may not challenge the vexatious litigant order in this court.

For the reasons stated above, plaintiff's complaint must be dismissed. Further, it is clear from the face of the complaint that its deficiencies cannot be cured by amendment. Therefore, the dismissal should be without leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (while the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

Accordingly, it is hereby ORDERED that plaintiff's application to proceed *in forma pauperis* (ECF No. 2) is granted.

Further, it is RECOMMENDED that plaintiff's complaint be dismissed without leave to amend and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 24, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE